UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS C. JACKSON, | No. 2:24-cv-2556 CKD P |
| Plaintiff, | |
| v. | ORDER |
| ROB ST. ANDRE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Plaintiff's amended complaint (ECF No. 10) is before the court for screening.

The court finds that plaintiff may proceed on claim 1 in his amended complaint in which he alleges violations of the Eighth Amendment by defendants Martinez and Valdez. Claims 2 and 3 are not actionable. Plaintiff has two options: (1) proceed on claim 1 and voluntarily dismiss claims 2 and 3; or (2) seek leave to file a second amended complaint in an attempt to cure the deficiencies with respect to claims 2 and 3.

If plaintiff wishes to file a second amended complaint, plaintiff is informed as follows:

1. Under the Eighth Amendment, prison officials have a duty to protect prisoners from harmful conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if an inmate suffers a sufficiently serious injury, and the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837.  The relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted).  With respect to claim 2, unlike his allegations in claim 1, plaintiff fails to point to facts suggesting that the named defendants were at least deliberately indifferent to specific information that plaintiff might be attacked.

2. In claim 3, plaintiff complains about medical care.  Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id.   In claim 3, plaintiff fails to any assert any actionable injury caused by any defendant's conduct.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted 30 days within which to complete and return the attached form notifying the court whether he wants to proceed on a claim 1 in his amended complaint and voluntarily dismiss claims 2 and 3 or whether plaintiff wishes to file an amended complaint in an attempt to cure the deficiencies.  If plaintiff does not return the form, this action will proceed on claim 1 and the court will recommend that the other claims be dismissed.

Dated: February 28, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/jack2556.option

2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS C. JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROB ST. ANDRE, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-2556 CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on claim 1 in his amended complaint and voluntarily dismiss claims 2 and 3 **OR**

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

3